**DOWNEY BRAND LLP**
621 Capitol Mall, 18th Floor
Sacramento, California 95814-4731
Telephone: (916) 444-1000
Facsimile: (916) 444-2100

Stephen J. Meyer #75326
John C. McCarron #225217
Bradley C. Carroll #300658

Attorneys for: TRUE ORGANIC PRODUCTS, INC.

**DOWLING AARON INC.**
8080 N. Palm Ave., Third Floor
Fresno, California 93711
Telephone: (559) 432-4500
Facsimile: (559) 432-4590

Steven D. McGee #71886
Jared C. Marshall #272065

**WANGER JONES HELSLEY PC**
265 E. River Park Circle, Suite 310
Fresno, California 93720
Telephone: (559) 233-4800
Facsimile: (559) 233-9330

Patrick D. Toole #190118
John P. Kinsey #215916
Christopher A. Lisieski #321862

Attorneys for: CALIFORNIA ORGANIC FERTILIZERS, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| TRUE ORGANIC PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA ORGANIC FERTILIZERS, INC., and DOES 1-50, <br><br> Defendants. | **STIPULATION AND PROTECTIVE ORDER** <br><br> Case No. 1:18-cv-01278-AWI-EPG <br><br> **(ECF No. 33)** |

| | |
|---|---|
| TRUE ORGANIC PRODUCTS, INC., | Case No. 1:19-cv-00296-AWI-EPG |
| Plaintiff, | **(ECF No. 29)** |
| v. | |
| CALIFORNIA ORGANIC FERTILIZERS, INC., and DOES 1-50, | |
| Defendants. | |

True Organic Products, Inc. ("True") and California Organic Fertilizers, Inc. ("COFI"), hereafter collectively referred to as the "Parties," hereby stipulate, by and through their respective attorneys of record, to the entry of the following Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in the above-captioned cases.

1. This Protective Order contemplates three tiers of confidentiality for discovery information: Non-Confidential Information; Confidential Information; and Confidential Information—Attorneys' Eyes Only.

    a. "Non-Confidential Information" is not protected by this agreement and the parties may use and disclose this information in any lawful manner. All information and documents provided in discovery is "Non-Confidential Information" unless designated otherwise by the party producing the discovery (the "Producing Party"), as set forth below.

    b. "Confidential Information" includes any document, or portion thereof, and any other form of evidence or discovery contemplated under the Federal Rules of Civil Procedure which, in the good faith opinion of the Producing Party contains any confidential information, including third party privacy documents, trade secrets, personnel information, or proprietary information, including but not limited to personal financial information. This information may be designated by the Producing Party as "Confidential Information" as set forth below.

c. "Confidential Information—Attorneys' Eyes Only" includes any document, or portion thereof, and any other form of evidence or discovery contemplated under the Federal Rules of Civil Procedure which, in the good faith opinion of the Producing Party, contains financial, sales, or customer identity information that is highly sensitive and not suitable for disclosure to a business competitor. This information may be designated by the Producing Party as "Confidential Information—Attorneys' Eyes Only" as set forth below.

2. The term "Litigation" used herein shall mean the litigation pending before the U.S. District Court for the Eastern District of California, Fresno Division, captioned *True Organic Products, Inc. v. California Organic Fertilizers, Inc.*, Case No. 1:18-cv-01278-AWI-EPG, as well as the litigation pending before the U.S. District Court for the Eastern District of California, Fresno Division, captioned *California Organic Fertilizers, Inc. v. True Organic Products, Inc.*, Case No. 1:19-cv-00296-LJO-EPG.

3. Confidential Information may be designated as follows:

a. Documents or copies of the same provided by a Producing Party to the other Parties containing Confidential Information shall be designated by marking the page or the pages on which the Confidential Information appears with the legend: "CONFIDENTIAL – to be used solely within the confines and for the purposes of *True Organic Products, Inc. v. California Organic Fertilizers, Inc.*, Case No. 1:18-cv-01278-AWI-EPG and *California Organic Fertilizers, Inc. v. True Organic Products, Inc.*, Case No. 1:19-cv-00296-LJO-EPG."

b. In lieu of marking each page, the Producing Party may, at its option, Bates-stamp the documents and identify in writing, groups of pages between which all the documents or information contain Confidential Information.

c. In lieu of marking the original of a document that contains Confidential Information prior to inspection, counsel for the Producing Party may orally designate such documents being produced for inspection as Confidential Information thereby making them subject to this Stipulation and Order. However, copies of such documents must be marked "CONFIDENTIAL – to be used solely within the confines and for the

purposes of *True Organic Products, Inc. v. California Organic Fertilizers, Inc.*, Case No. 1:18-cv-01278-AWI-EPG and *California Organic Fertilizers, Inc. v. True Organic Products, Inc.*, Case No. 1:19-cv-00296-LJO-EPG."

      d.    Confidential Information disclosed at a deposition may be designated by a Producing Party as Confidential Information by clearly indicating at the deposition and on the record, as set forth below, the specific testimony and/or exhibits containing the Confidential Information that is to be made subject to the provisions of this Stipulation and Order. The court reporter will immediately note this designation on the record and will thereafter designate that portion of the transcript and/or document involved as Confidential Information and all such portions of transcripts supplied to counsel will be so designated.

      e.    Confidential Information contained in responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, may be designated as Confidential Information by the parties to the litigation by prominently marking each page containing Confidential Information with the legend "CONFIDENTIAL – to be used solely within the confines and for the purposes of *True Organic Products, Inc. v. California Organic Fertilizers, Inc.*, Case No. 1:18-cv-01278-AWI-EPG and *California Organic Fertilizers, Inc. v. True Organic Products, Inc.*, Case No. 1:19-cv-00296-LJO-EPG."

      f.    The attorneys of record shall be responsible for ensuring that any of their work product which contains Confidential Information of the Producing Party entitled to protection under this Order, including copies of production documents, notes, memoranda, and documents prepared for filing with the Court comply with this Protective Order.

4. Confidential Information—Attorneys' Eyes Only shall be designated in the same manner as Confidential Information, set forth in ¶¶ 3(a)–(f) of this Protective Order, except that documents shall be marked with the legend "CONFIDENTIAL—ATTORNEYS' EYES ONLY – to be used solely within the confines and for the purposes of *True Organic Products, Inc. v. California Organic*

*Fertilizers, Inc.*, Case No. 1:18-cv-01278-AWI-EPG and *California Organic Fertilizers, Inc. v. True Organic Products, Inc.*, Case No. 1:19-cv-00296-LJO-EPG."

    5.    Confidential Information shall only be disclosed and made available by the party requesting the Confidential Information (the "Requesting Party") to the following designated persons:

        a.    The attorneys of record for each party to this action and their/its agents and firm staff, including associates, paralegals, secretaries, and support staff and the like;

        b.    Any person designated by order of the Court after notice to all Parties;

        c.    Parties and party representatives;

        d.    Independent experts or consultants retained by a party or counsel of record in connection with this Litigation ("Retained Experts or Consultants"), provided such Retained Experts or Consultants agree to be bound by and sign a copy of this Stipulation, to use such Confidential Information solely for purposes of this Litigation and not to disclose any such Confidential Information to any other person, firm, or concern; and

        e.    Court stenographers, outside copy services, interpreters, and translators whose functions require them to have access to Confidential Information.

    6.    Confidential Information—Attorneys' Eyes Only shall only be disclosed and made available to the following designated persons:

        a.    The attorneys of record for each party to this action and their/its agents and firm staff, including associates, paralegals, secretaries, and support staff and the like;

        b.    Any person designated by order of the Court after notice to all Parties;

        c.    Independent experts or consultants retained by a party or counsel of record in connection with this Litigation ("Retained Experts or Consultants"), provided such Retained Experts or Consultants agree to be bound by and sign a copy of this Stipulation, to use such Confidential Information solely for purposes of this Litigation and not to disclose any such Confidential Information to any other person, firm, or concern; and

        d.    Court stenographers, outside copy services, interpreters, and translators whose functions require them to have access to Confidential Information

7. All Confidential Information and Confidential Information—Attorneys' Eyes Only produced or exchanged in the course of this Litigation shall be used solely for the purpose of this Litigation, subject to the exception noted in ¶ 7(a) below. Documents or other information designated as Confidential Information or Confidential Information—Attorneys' Eyes Only shall not be disclosed or shown to any other person or entity, except as designated under ¶¶ 5(a)–(f), ¶¶ 6(a)–(d), and ¶ 7(a), respectively, without the consent of the Producing Party. In the event any request, subpoena, or other effort is made to obtain Confidential Information or Confidential Information—Attorneys' Eyes Only by other than those persons designated herein, no such Confidential Information or Confidential Information—Attorneys' Eyes Only shall be provided absent consent of the Producing Party. Alternatively, upon an order of a court of competent jurisdiction, and after due notice and opportunity for all parties to be heard, the Parties may release any such Confidential Information or Confidential Information—Attorneys' Eyes Only specified in such Order.

    a. Nothing in this stipulation is intended to restrict the Parties' ability to disclose information learned during the course of this Litigation to state or federal regulators, Material Review Organizations, or organic certifiers approved by the U.S. Department of Agriculture (hereafter called "Regulators"). Information or documents designated as Confidential Information or Confidential Information—Attorneys' Eyes Only shall be considered Non-Confidential Information when used in relation to communications with Regulators.

8. All Confidential Information or Confidential Information—Attorneys' Eyes Only produced in this action shall be used solely for the purpose of assisting counsel of record for the Parties in connection with this Litigation and not for any competitive or business purpose or any other purpose whatsoever, subject to the exception noted at ¶ 7(a), above.

9. Nothing in this Order shall prevent the Parties from using any Confidential Information or Confidential Information—Attorneys' Eyes Only at depositions or mediation. However, the attorney of record for the Party using Confidential Information or Confidential Information—Attorneys' Eyes Only must ensure that these categories of information are not disclosed except as set forth within this Protective Order.

10. The Parties recognize that, in the event either Party wishes to use information or discovery marked as Confidential Information or Confidential Information—Attorneys' Eyes Only in connection with an in-court proceeding, such as a motion or trial, the Party wishing to use the information will typically not be the Party that has designated it as confidential. Therefore, a Party seeking to use such information shall provide the Producing Party with a list indicating which information it seeks to use, in order for the Producing Party to seek an order sealing or redacting this information under Rule 5.2 of the Federal Rules of Civil Procedure and Local Rules 140 and 141 of the Eastern District of California.

11. A Party shall not be obligated to challenge the propriety of a Confidential Information or Confidential Information—Attorneys' Eyes Only designation at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party disagrees at any point in these proceedings with the designation by the Producing Party of any document or information as Confidential Information or Confidential Information—Attorneys' Eyes Only, the Parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting Party may seek appropriate relief from the Court.

12. Nothing herein shall prevent disclosure beyond the terms of this Order if the Producing Party of Confidential Information consents in writing to such disclosure.

13. Nothing in this Stipulation and Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this Litigation and, in the course of rendering advice, relying generally on his or her examination of Confidential Information—Attorneys' Eyes Only; provided, however, that in rendering such advice and in otherwise communicating with this client, the attorney shall not disclose the contents of any Confidential Information—Attorneys' Eyes Only produced by the Producing Party if that disclosure would be contrary to the terms of this Order.

14. Inadvertent or unintentional disclosure of Confidential Information or Confidential Information—Attorneys' Eyes Only shall not be deemed a waiver in whole or in part of the parties' claim of confidentiality. Such inadvertent or unintentional disclosure may be rectified by notifying in writing the counsel of record for all parties to whom the information was disclosed that the information is confidential and subject to this Stipulation and Order. Such notification shall constitute a designation

of the information as Confidential Information or Confidential Information—Attorneys' Eyes Only, as specified in the notification.

15. Similarly, the Parties intend that inadvertent or unintentional disclosure of privileged information will be governed by Rule 502 of the Federal Rules of Evidence and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. Such inadvertent or unintentional disclosure of privileged information may be rectified by notifying in writing the counsel of record for all parties to whom the information was disclosed that the information is privileged, and that counsel is directed to return, sequester, or destroy the specified information and any copies thereof, and shall not use or disclose the information.

16. This Protective Order shall not prevent any of the parties from applying to the Court for further or additional protective orders, or from agreeing among themselves to modification of this Protective Order as it relates to the Parties' documents.

17. Upon final conclusion of this case, all Confidential Information and Confidential Information—Attorneys' Eyes Only produced pursuant to the terms of this protective order shall be returned to the Party that produced such information, or disposed of at that Party's direction, within sixty (60) days following the date on which the judgment or other final order terminating the case is entered.

Dated: November 13, 2019   WANGER JONES HELSLEY PC

By: /s/ Christopher A. Lisieski
    John P. Kinsey, Patrick D. Toole, and
    Christopher A. Lisieski

Attorneys for California Organic Fertilizers, Inc.

DOWNEY BRAND LLP AND DOWLING AARON INC.

By: /s/ Bradley C. Carroll
    Stephen J. Meyer, John C. McCarron,
    Bradley C. Carroll, Steven D. McGee, and
    Jared C. Marshall

Attorneys for True Organic Products, Inc.

STIPULATION AND PROTECTIVE ORDER

**ORDER**

Pursuant to the stipulation of the parties (ECF No. 33 in Case No. 18-cv-01278-AWI-EPG; ECF No. 29 in Case No. 19-cv-00296-AWI-EPG), and as set forth above,

IT IS SO ORDERED.

Dated: __**November 13, 2019**__      /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE